## New York Marine Court.

### Special Term—December, 1881.

## HENRY BREWSTER, et al. *against* RUFUS HATCH.

If a merchant departs from the usual course of dealing, and subsidizes the servants of his customer, by douceurs, with the view and intent of gaining an undue advantage over them, such conduct is illegal, and if it enters into and forms part of the contract sought to be enforced, may go to the extent of preventing any recovery upon it.

In the much-litigated suit brought in the marine court by Henry Brewster & Co. against Rufus Hatch, to recover a portion of the price of a carriage and for repairs, which has been twice tried and twice heard on appeal in the marine court, and twice in the court of common pleas, Judge McAdam gave the following opinion upon a motion by defendant for leave to amend his answer.

*William H. Arnoux*, for plaintiffs.

*A. J. Vanderpoel*, *A. D. Pape*, and *Henry S. Bennett*, for defendant.

McAdam, J.—The amendments proposed to the answer change the character of the defense materially. The defendant proposes to insert as new matter—first, a breach of warranty ; second, that his coachman was intrusted with his carriages, and was required to see that they were kept in good repair ; that the plaintiffs, knowing this, from time to time paid moneys and made presents to the coachman, in consequence of

which he betrayed the interest of his employer and caused unnecessary bills to be contracted, whereby the plaintiffs were benefited at the defendant's expense. If merchants depart from the usual course of trade, and subsidize the servants of their customers by douceurs, with the view and intent of gaining an undue advantage over them, such conduct is illegal, and when it enters into and forms part of the contract sought to be enforced, may go to the extent of preventing any recovery upon it. Being a legal defense, the defendant should not be arbitrarily deprived of whatever benefit it may afford, nor should the plaintiffs seek to avoid the opportunity which the amendment affords of vindicating their business methods from the charge made. There have been two trials of the case. It has been twice at the general term of the marine court and of the common pleas. Under all the circumstances, the motion for leave to amend will be granted on payment, within six days, of $75 costs, made up of the items indicated on the papers filed. The amendment to be without prejudice to proceedings already had.